**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**JOSE RAMIREZ,**
          **Plaintiff,**

vs.                                              Case No. 5:06cv260/RS/MD

**RALPH L. JOHNSON, et al.,**
          **Defendants.**

---

**O R D E R**

This cause is before the court upon plaintiff's second amended civil rights complaint filed pursuant to 42 U.S.C. §1983 (doc. 15). From a review of the complaint, it is evident that the facts as presented fail to support a viable claim for relief under section 1983 as to one or more of the named defendants. The court will therefore allow the plaintiff an opportunity to clarify his allegations in an amended complaint.

Plaintiff, an inmate of the Florida penal system, is currently confined at Jackson Correctional Institution. His complaint concerns events occurring while he was a pre-trial detainee at the Walton County Jail. His amended complaint names three defendants: Ralph Johnson, Sheriff of Walton County, Florida; Linda Mimms, Captain with the Walton County Sheriff's Office ("WCSO"); and Sergeant Brooks with the WCSO. Plaintiff claims defendant Brooks used excessive force on him on June 22, 2005, when Brooks handcuffed, beat and tasered plaintiff after plaintiff took a sandwich that did not belong to him from the Jail's food cart. Defendant Mimms was present during the beating, but failed to intervene. As relief, plaintiff seeks monetary damages.

In any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

  1. whether the conduct complained of was committed by a person acting under color of state law; and

> 2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420, 428 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).

Plaintiff seeks to hold defendant Sheriff Johnson liable on the sole basis that "he is responsible for Walton County Jail and his employees on whose behalf he acts." (Doc. 15, p. 6). It is well-settled in this Circuit that *respondeat superior*, without more, does not provide a basis for recovery under section 1983. *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *Cottone v. Jenne,* 326 F.3d 1352 (11th Cir. 2003); *Harris v. Ostrout,* 65 F.3d 912, 917 (11th Cir. 1995). "The mere right to control, without any control or direction having been exercised and without any failure to supervise, is not sufficient to support 42 U.S.C. § 1983 liability." *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 694 n.58, 98 S.Ct. 2018, 2037 (1979). "Supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." *Cottone,* 326 F.3d at 1360; *see also Marsh v. Butler County,* 268 F.3d 1014, 1035 (11th Cir. 2001)*; Swint v. City of Wadley, Alabama,* 51 F.3d 988, 999 (11th Cir. 1995); *Rivas v. Freeman*, 940 F.2d 1491, 1495 (11th Cir. 1991). The necessary causal connection can be established when (1) a "history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so; (2) a supervisor's "custom or policy result[s] in deliberate indifference to constitutional rights;" or (3) facts support "an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Cottone, supra,* (internal marks, quotations, and citations omitted). A single violation of constitutional rights does not amount to an official policy or custom resulting in the deprivation of an individual's constitutional rights. *City of Oklahoma v. Tuttle*, 471 U.S. 808, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985). Moreover, a supervisor ordinarily cannot be held liable under a *respondeat superior* theory for the acts and omissions of individuals acting in contravention to policy. *Tittle v. Jefferson County Comm'n,* 10 F.3d 1535, 1540 (11th Cir. 1994). Accordingly, unless plaintiff can allege facts

establishing a causal connection between the actions of Sheriff Johnson and the alleged constitutional deprivation, he should remove this defendant from his amended complaint.

In amending, plaintiff must completely fill out a new civil rights complaint form, marking it "**Third Amended Complaint.**" Plaintiff must limit his allegations to claims related to the same basic incident or issue and **name as defendants only those persons who are responsible for the alleged constitutional violations.** Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form. In the "Statement of Facts," plaintiff should clearly describe how each named defendant is involved in each alleged constitutional violation, alleging the claims as to each defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts. If plaintiff cannot state exactly how a particular defendant harmed him, he should delete or drop that person as a defendant from his complaint. Plaintiff is advised that the amended complaint must contain all of his allegations because once an amended complaint is filed, all earlier complaints and filings are disregarded. Local Rule 15.1, Northern District of Florida.

Plaintiff should file the amended complaint with an original signature with the Court and keep an identical copy for himself. Plaintiff should not file a memorandum of law or otherwise provide citations to statutes and cases, and he should not file exhibits as evidentiary support for his complaint. The court will notify plaintiff when memoranda and exhibits are necessary, such as prior to trial or in conjunction with a motion for summary judgment. Furthermore, plaintiff should not submit service copies of his complaint unless and until the court directs him to do so. Finally, plaintiff is advised that discovery is premature at this stage of the case and plaintiff should not do any discovery without leave of court.

Accordingly, it is ORDERED:

1. The clerk of court is directed to forward to the plaintiff a civil rights complaint form for use in actions under 42 U.S.C. §1983. This case number should be written on the form.

2. Plaintiff shall have **thirty (30) days** in which to file an amended civil rights complaint, which shall be typed or clearly written and submitted on the court form as instructed above.

*Case No: 5:06cv260/RS/MD*

3.  Failure to comply with this order will result in a recommendation of dismissal of this action for failure to comply with an order of the court.

DONE AND ORDERED this 3rd day of August, 2007.

/s/ *Miles Davis*
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**